UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARY CASSANDRA QUEEN

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 12-122-JJB-SCR

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 3, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MARY CASSANDRA QUEEN

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 12-122-JJB-SCR


## MAGISTRATE JUDGE'S REPORT

Plaintiff Mary Cassandra Queen, brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits.

For the reasons which follow the Commissioner's decision should be affirmed.

### Background/Claims of Error

Plaintiff was 51 years old at the time of the hearing decision. Plaintiff graduated from high school and had worked in the past as a teacher's aide, medical assistant, personal care assistant, nurse assistant, hospital tech and cashier.[1] AR pp. 37-38, 123, 150-51, 165-67, 181. Plaintiff applied for disability benefits in August 2010 claiming her disability began November 1, 2009 due to severe impairments - diabetes, heart disease, high

---

[1] Plaintiff's age placed her in the category of a person closely approaching advanced age. 20 C.F.R. § 404.1563(c).

blood pressure and cholesterol, vision changes, numbness/weakness, and depression. AR pp. 123-26, 149. After several occurrences of chest pain, on August 12, 2010 the plaintiff underwent a heart catherization with coronary angioplasty and placement of an intracoronary stent. AR pp. 234-39. Plaintiff stated in her application for benefits that she stopped working in May 2007, because of other reasons and not because she was disabled. AR p. 150

Plaintiff has exhausted her administrative remedies. AR pp. 1-3, 17-28, 56-69, 74-75.

The ALJ hearing was held on May 6, 2011 and the ALJ issued an unfavorable decision on July 8, 2011. AR pp. 20-55. The ALJ found at the second step that the plaintiff had a combination of severe impairments - coronary artery disease, hypertension, hypertension, diabetes, obesity and bone spurs - but they did not meet or medically equal the criteria of a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] The ALJ then evaluated the plaintiff's residual functional capacity ("RFC") to determine whether, despite her severe impairments, the plaintiff was able to do any of her past relevant work or other work in the national economy. The ALJ made a finding that the plaintiff had a residual

---

[2] Citing *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), the ALJ concluded that plaintiff's adjustment disorder - problem with depression and anxiety - was a nonsevere impairment. AR pp. 23-25, 319-22. Plaintiff did not contest this finding.

functional capacity ("RFC") to perform a full range of light work as defined in the regulations.³  With this RFC, at the fourth step the ALJ concluded that the plaintiff was capable of performing her past relevant work as a medical assistant. AR p. 27.  Therefore, the plaintiff was not disabled as of her alleged date of onset, November 1, 2009.

In the memorandum filed in support of her appeal the plaintiff argued the following administrative errors require reversal and remand under sentence four of § 405(g):  (1) the ALJ engaged in a selective discussion of the evidence, ignoring aspects of the evidence that were favorable to the claimant; and, (2) the ALJ erroneously denied the claim at step four due to his misclassification of the work which the claimant previously performed.

Based on the applicable standard of review and the analysis set forth below, review of the administrative record as a whole demonstrates that these claims of error are without merit, and that substantial evidence supports the final decision of the

---

³ Residual functional capacity is a measure of a claimant's capacity to do physical and mental work activities on a regular and sustained basis.  20 C.F.R. § 404.1545.
  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. § 404.1567(b).

3

Commissioner that the plaintiff is not disabled as of November 1, 2009.

## Standard of Review

Under § 405(g), judicial review of a final decision of the Commissioner denying disability and SSI benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the

Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. § 404.1505. The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. § 404.1520. In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1

of the regulations;[4] (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

The burden of proving disability rests on the claimant through the first four steps. At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work. If the claimant shows at step four that he or she is no longer capable of performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, supra. If the Commissioner meets this burden the claimant must then show that he or she cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

## Analysis

Plaintiff's first claim of error is based on the argument that the ALJ did not properly evaluate the evidence. Plaintiff argued that the ALJ erred by picking and choosing only the evidence in the

---

[4] Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. § 404.1525.

6

record which supported his decision. Plaintiff's argument is without merit. In support of her argument, the plaintiff only cited two pages of the administrative record related to her back condition. AR pp. 22, 300. The pages cited in fact do not show that the ALJ engaged in a selective analysis of the evidence. A review of the ALJ's decision and the record as a whole demonstrate that the ALJ considered all the evidence related to the plaintiff's alleged impairments including her back condition and the results of the diagnostic imaging done on January 16, 2009. AR pp. 22, 300. The ALJ did not ignore this evidence. The record shows that he considered it, and he included bone spurs as one of the plaintiff's severe impairments at step two. AR p. 22.

The ALJ reviewed the evidence related to the impairment and decided that its limiting effects were not as severe as the plaintiff claimed. His doing so is not an error – it is the role of the ALJ. The ALJ's task as fact finder is to weigh all the evidence and resolve any conflicts in the evidence. His findings in this regard must be upheld unless substantial evidence is lacking. Review of the record and the ALJ's analysis of the evidence shows that this finding was supported by substantial evidence.[5] Thus, the fact that the plaintiff can point to other evidence in the record which she believes supports her claim of

---

[5] See, e.g., AR pp. 273, 301-02, 306-14, 319, 328-29.

disability does not demonstrate reversible error.[6]

Plaintiff's second argument is that the ALJ committed reversible error by finding at step four that she can return to her past work as a medical assistant.[7] The basis for this asserted error is the plaintiff's claim that the record shows: (1) she never performed the job duties of a medical assistant, only the job of a nurse assistant; and, (2) the Dictionary of Occupational Titles classifies the job of nurse assistant as one that requires the ability to do medium work, and the plaintiff's RFC is only for light work.

Plaintiff cited two pages of her hearing testimony to support the claim that she never performed the duties of a medical assistant.  AR pp. 37, 41.  According to the plaintiff, her testimony was that she worked as a nurse assistant, and that during the past 15 years she held no jobs which involved any specialized

---

[6] It is the task of the ALJ as the finder of fact to weigh the evidence. When evidence cuts both ways, it is not the court's job on judicial review to reweigh the evidence. As long as there is substantial evidence in the record as a whole supporting the ALJ's finding, it must be upheld. *See*, *Greenspan v. Shalala*, 38 F.3d 232, 240 (5th Cir. 1994).

[7] Under § 404.1560(b)(2) and the case law it is well-established that a determination of whether a claimant can do his or her past relevant work may rest on descriptions of past work as actually performed or as generally performed in the national economy. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); *Khawaja v. Shalala*, 20 F.3d 1170 (5th Cir. 1994); *Cooper v. Barnhart*, 55 Fed. Appx. 716 (5th Cir. 2002); *Alexander v. Astrue*, 412 Fed.Appx. 719 (5th Cir. 2011). The record shows that the ALJ applied this legal standard in his evaluation of the plaintiff's claim at step four. AR p. 28.

skills.  However, review of the record shows that this does not accurately represent the hearing testimony.  Plaintiff testified she worked as a nurse assistant in nursing homes and a doctor's offices, but she did not testify that her jobs did not involve any specialized skills.[8]  She testified that her jobs did not involve administrative, clerical and office skills.  Moreover, the plaintiff testified that, with the exception of a cashier job, her jobs were direct patient care.  This evidence, and the other statements in the record provided by the plaintiff about her past work, provide substantial evidence to support the ALJ's finding at step four.

Plaintiff stated in her Disability Report and Work History Report that she held positions as both a medical assistant and nurse assistant.[9]  AR pp. 138-39, 151, 165, 167.  Furthermore, the plaintiff stated that her job duties as a medical assistant did not involve lifting over ten pounds, and included various specialized skills - assisting the doctor with patients and taking their temperatures, weights and vital signs, answering the phone, filing claims, and putting patient information into the computer.

---

[8] AR pp. 37-38.  The ALJ cited Exhibit 4E, Work History Report.  In that report the plaintiff sated she worked as a medical assistant at a doctor's office and as a nurse assistant at nursing homes.  AR p. 165.

[9] Plaintiff also asserted that in her Work History Report the job was mislabeled as medical assistant.  The evidence cited in this analysis demonstrates that the assertion that the job was "mislabeled" is not supported by the record as a whole.

9

Plaintiff also indicated in her work history report that the job she listed as medical assistant involved using machines, tools/equipment, technical knowledge/skills, and writing/completing reports.  AR pp. 167, 181.  Finally, in the history portion of Marc L. Zimmermann's consultative examination, the plaintiff reported that she worked as a doctor's medical assistant for four years.  AR p. 320.  All of this evidence demonstrates that with an RFC for light work,[10] the ALJ's finding at step four that the plaintiff was not disabled because she could perform her past employment as a medical assistant, was supported by substantial evidence.

## Conclusion

Plaintiff's arguments and the administrative record have been carefully considered.  Review of the administrative record as a whole and the analysis above demonstrates that the claims of error raised by the plaintiff are without merit, and substantial evidence supports the final decision of the Commissioner that the plaintiff is not disabled.

## RECOMMENDATION

It is the recommendation of the magistrate judge that under sentence four of 42 U.S.C. § 405(g), the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security, denying the

---

[10] The plaintiff did not contest the ALJ's RFC finding that she was capable of performing light work.  AR p. 25.

application of plaintiff Mary Cassandra Queen for disability insurance benefits be affirmed, and that this action be dismissed.

Baton Rouge, Louisiana, February 3, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE